## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.1:01-CR-00324 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| IZAK PARKER | : | (Electronically Filed) |
| | : | |

REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR RELIEF
PURSUANT TO TITLE 18 UNITED STATES CODE SECTION 3582(c)

AND NOW, comes the defendant, Izak Parker, by his attorney Lori J. Ulrich of the Federal Public Defender's Office, and files this Reply to the Government's Response to the Emergency Motion for Relief Under 18 U.S.C. § 3582(c) (2) and in support thereof avers as follows:

1.     On February 25, 2008, Mr. Parker filed his Emergency Motion for Relief Under 18 U.S.C. § 3582(c)(2).

2.     Mr. Parker's release date is set for March 7, 2008.

3.     On February 27, 2008, the Government filed its Response arguing against his early release of 4 days because Mr. Parker's projected release date was changed

from February 29, 2008 to March 7, 2008, and therefore, "[w]hile the United States

Attorney's Office is unaware of the specific circumstances of this change in release

date, it would be logical to assume that the defendant violated some prison

regulation resulting in the loss of a week of good time."  Gov't Motion ¶ 3.


4.     On February 27, 2008, defense counsel contacted Jennifer Haas, Federal

Case Manager of Capital Pavilion, 2012 North fourth Street, Harrisburg, the

current residence of Mr. Parker.


5.     Ms. Haas related the following misconducts:

  1.   September 17, 2007 - unaccountability - he went to
       a location that he was not authorized to go;

  2.   September 20, 2007 - male/female blackout - he
       communicated with a female after hours;

  3.   November 30, 2007 - possession of contraband -
       he had 2 cigarettes in wallet;

  4.   December 4, 2007 - unaccountability - he failed to return
       for 28 minutes.  He had contact with a female outside of
       the facility; and

  5.   January 2, 2008 - he failed to attend a mandatory
       drug and alcohol counseling appointment.

6.    U.S.S.G. § 1B1.10, application note 1(B) (effective March 3, 2008) provides:

> Factors for Consideration -
>
> (i)    In General - Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b);
>
> (ii)    Public Safety Consideration - The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (iii)    Post-Sentencing Conduct - The court may consider post sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

7.    The misconducts incurred by Mr. Parker are troublesome, but they do not rise to a level that would make him a public safety risk.  Indeed, having cigarettes in his possession, missing an appointment, and unauthorized contact with females certainly does not pose a danger to any person or the community.  His inability to follow all of the rules all of the time will be a factor while he is on supervised release.

8.    He has already been punished for these misconducts as he lost 7 days of

good time. Significantly, he was not terminated from the half-way house, his last misconduct was January 2, 2008, and he continues to work outside Capital Pavilion at McDonald's, 4403 North Front Street, Harrisburg, Pennsylvania 17110. Surely, if he was a public safety risk, he would not be permitted to remain at a halfway house and work outside the facility.

9.     Mr. Parker should be immediately released on March 3, 2008 without regard to the 10 days requested by the Government and without the necessity of an addendum as both would only deny him that to which he is entitled, the reduction of his guidelines, and release on March 3, 2008. He has already lost release at a much earlier date because the amendment did not become effective until March 3, 2008, even though the guidelines went into effect November 1, 2007.

10.     To deny him 4 days would be an injustice.

                              Respectfully submitted,


Date:  February 27, 2008          s/ Lori J. Ulrich_____
                              LORI J. ULRICH, ESQUIRE
                              Assistant Federal Public Defender
                              Attorney ID #PA55626
                              100 Chestnut Street, Suite 306
                              Harrisburg, PA 17101
                              Tel. No. (717) 782-2237
                              Fax No. (717) 782-3881

*<lori_ulrich@fd.org>*
*Attorney for Izak Parker*

# <u>CERTIFICATE OF SERVICE</u>

I, Lori J. Ulrich of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **REPLY TO GOVERNMENT'S RESPONSE TO EMERGENCY MOTION FOR RELIEF UNDER 18 U.S.C. § 3582 (c) (2),** via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

ERIC PFISTERER, ESQUIRE

DREW THOMPSON

IZAK PARKER



Date: February 27, 2008

/s/ *Lori J. Ulrich*_____
LORI J. ULRICH, ESQUIRE
Assistant Federal Public Defender
Attorney ID #PA55626
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
<*lori_ulrich@fd.org*>
*Attorney for Izak Parker*